UNITED STATES of America, Plaintiff,

v.

Eduard Eugene CASTILLO, Defendant.

No. Crim. 98–137 5 (DSD/AJB).

United States District Court,
D. Minnesota.

Feb. 12, 1999.

George Edwin Rapaich, Rapaich Law Office, St Paul, MN, for Eduard Eugene Costillo, defendant.

Susan J Nolting, U.S. Attorney, Mpls, MN, for U.S.

## ORDER

DOTY, District Judge.

This matter is before the court on the motions of defendant Eduard Eugene Castillo to dismiss for lack of jurisdiction and for severance and a continuance. Defendant is one of sixteen individuals charged in the Second Superseding Indictment in this case. On January 26, 1999, defendant informed his attorney that his real name was Mario Villanueva Esquivel and that his date of birth was November 22, 1981. Defendant has proffered what he claims to be a birth certificate in the name of Mario Alberto Villanueva Esquivel with a birth date of November 22, 1981.[1] Defendant now contends that because he is a juvenile the court has no jurisdiction to try him as an adult without following the procedures set forth in the Federal Juvenile Delinquency Act, set forth at 18 U.S.C. § 5031 *et. seq.* The court held an evidentiary hearing on this issue on February 8, 1999.

As an initial matter, the court notes that this is not the typical case in which a juvenile commits an act of juvenile delinquency and the government seeks to try him or her as an adult. The law in that area is well-settled and widely reported. In this case, the court is faced with a defendant who, until this point, was always assumed to be an adult but who now challenges this status. The procedures set forth in 18 U.S.C. § 5032 therefore do not apply at this stage, as defendant has not yet been found to be a juvenile. Neither party has provided the court with any authority on the proper evidentiary burden to be applied in this case. The court's own research on this issue has revealed a paucity of such decisions.

At the hearing, the government proffered evidence obtained during its investigation that defendant was indeed Eduard Eugene Castillo and that his date of birth was March 16, 1976: 1) a Minnesota identification card in the name of "Eduard Eugene Castillo with a date of birth of March 16, 1976; 2) a 1997 W–2 wage and tax statement from Long Prairie Packing Company in the name of Eduard Castillo; 3) receipts from Sun Coun-

---

1. While the translation of the Mexican birth certificate indicates the birth date as November 22, 1982, the actual proffered birth certificate reads "1981 MIL NOVECIENTOS OCHENTA Y UNO."

try Airlines and a Red Roof Inn in Woodbury, Minnesota in the name of Eduard Eugene Castillo; 4) a scrap of paper on which is written "Edward Eugene Castillo $350.00"; and 5) a wallet containing a social security card for Edward Eugene Castillo and a video rental card signed by "Edward E. Castillo."

In addition, the government offered evidence that defendant himself, when taken into custody, repeatedly asserted that he was Eduard Eugene Castillo with a date of birth of March 16, 1976. This includes the cellblock arrest/booking report, in which defendant indicated that he was Eduardo Perez Castillo with a date of birth of March 16, 1976,[2] and a DEA personal history form in which defendant identified himself as Eduard Perez Castillo with a date of birth of March 16, 1976.

Perhaps the most persuasive evidence presented to the court, however, is a transcript of the arraignment proceedings before the magistrate judge in this case. At that hearing, defendant entered a plea of not guilty to the charges against him and his attorney informed the court:

> Your honor, excuse me. George Rapaich, representing Mr. Castillo. I neglected to bring to the court's attention the indictment spells his last name C-o-s-t-i-l-l-o and I believe everything else refers to him as C-a. *And he's advised me that the correct spelling of his last name is C-a-s-t-i-l-l-o.*

Transcript of Proceedings, Government Pretrial Exhibit 4 (emphasis added). By this stage of the proceedings, defendant should have become aware of the severity of the charges facing him; yet, he maintained throughout that he was indeed Eduard Castillo, even advising his attorney as to the correct spelling of his name.

The government has also offered circumstantial evidence calling into doubt the authenticity of the proffered birth certificate in the name of Mario Villanueva. In two separate cases,[3] defendants have offered similar arguments that they are juveniles and thus beyond the jurisdiction of the court, in each case offering a birth certificate from the state of Guerrero in Mexico. The government has proffered prisoner tracking forms for Eduardo Castillo, Carlos Alvear, and Andres O'Campo. *See* Government Exhibit 11. These forms show that Castillo and Alvear were housed for a period at the Prairie Correctional Facility in Appleton, Wisconsin at the same time, and that Alvear and O'Campo were housed for a different period at the Anoka County Jail at the same time. While there is no proof that any of these individuals know the others or that they had contact at these facilities, given the similarity in the three Mexican birth certificates and the proximity in time of the claims of juvenile status, the possibility of subterfuge does exist.

Defendant has offered evidence that he is another individual. At the hearing on this matter, the court heard the testimony of Macario Villanueva and Mona Aleman that these witnesses knew defendant only as Mario Villanueva. In addition, the court has reviewed the recently produced birth certificate. The court is hesitant to rely on that document, however, as defendant has failed to offer any evidence that this is a real document. Given the possibility of forgery, the need for authentication is especially acute here. Indeed, any evidence offered by defendant that he is anyone other than Eduard Castillo is suspicious given the length of time he maintained this "identity" without revealing his true name and age.

Based on the foregoing, the court finds that the preponderance of the evidence supports the conclusion that defendant is Eduard Castillo, an individual born on March 16, 1976. Because the court finds that defen-

---

**2.** It is interesting to note that in this report defendant indicated he did not have a social security number. However, the government has offered the forementioned social security card for Edward Castillo with a social security number of 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.

**3.** The two cases are those of: 1) Andres Salgado O'Campo, Eighth Circuit appellate case number 98–2931, who has made a motion to dismiss; and 2) Carlos Alvear, District of Minnesota case number 98–62, who has proffered a birth certificate contending that he is a juvenile, forcing Assistant United States Attorney Cliff Wardlaw, in a letter addressed to Judge James Rosenbaum, to ask for a delay in sentencing.

dant is not a juvenile, his motions to dismiss and for a severance and a continuance must be denied. Therefore, **IT IS HEREBY OR-DERED** that the motion of defendant Eduard Eugene Castillo to dismiss and for a severance and a continuance are denied.